UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILAL MUHAMMAD,

    *Plaintiff*,                  CASE NO. 15-CV-11769

v.                               DISTRICT JUDGE NANCY G. EDMUNDS
                               MAGISTRATE JUDGE PATRICIA T. MORRIS

J.S. WALTON,
POTTS,
B. BROWN, and
HARKNESS,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
(Doc. 15)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED.**

### II.    REPORT

#### A.    Introduction

On May 15, 2015, Plaintiff Bilal Muhammad filed a *pro se* prisoner civil rights complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).[1] District Judge Nancy G. Edmunds granted Plaintiff's application to proceed

---

[1] A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

without prepayment of fees and referred this matter to the undersigned magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b). (Docs. 4, 5.)

Plaintiff is currently confined at the Federal Correctional Institution in Milan ("FCI-Milan"). (Pl. Compl. Doc. 1 ¶ 4.) Defendants are FCI-Milan Warden J.S. Walton ("Walton"), disciplinary hearing officer Lieutenant Mary Potts ("Potts"), Unit Disciplinary Committee ("UDC") chairman Bryce Brown ("Brown"), and secretary Tasha Harkness ("Harkness"). All Defendants are federal actors (Defs. Mot. Dismiss, Doc. 15, at 4 n.1); Plaintiff does not specify whether they are sued in their official and/or individual capacities. (Doc. 1.)

Plaintiff was placed on escape status from March 17, 2011 through March 22, 2011, when he failed to report to a prison during a transfer from FCI-Milan to a correctional facility in Illinois. (Doc. 1 ¶ 9.) On June 15, 2011, Plaintiff pleaded guilty to failure to report to prison, and received an additional one year sentence. (*Id.* ¶ 11.) Plaintiff returned to FCI-Milan on October 3, 2011. (*Id.* ¶ 12.) On October 27, 2011, the Bureau of Prisons sanctioned Plaintiff. (*Id.* ¶ 23-24.) Plaintiff lost 41 days of good time credit, and commissary, phone, and visiting privileges for 90 days. (*Id.* ¶ 24.) Plaintiff's appeal was denied as untimely on September 3, 2011. (*Id.* ¶ 26 & Ex. K.)

Plaintiff alleges that the process by which he was disciplined violated his Fifth and Fourteenth Amendment rights. (*Id.* ¶ 19.) First, he objects that he did not properly receive the incident report within 24 hours. 28 C.F.R. § 541.5(a) states that an inmate "will ordinarily receive the incident report within 24 hours of staff becoming aware of [the inmate's] involvement in the incident." The incident report issued on March 18, 2011, but Plaintiff did

not receive the report until October 12, 2011, eight days after he returned to FCI-Milan. (Doc. 1 ¶ 10, 12, 27.) Second, Plaintiff objects that he did not receive a unit disciplinary hearing within five days as required by 28 C.F.R. § 541.7(c) because the hearing was not held until October 24, 2011. (*Id.* ¶ 14.) Defendant Walton extended the time for the hearing because of Plaintiff's escape status and because the incident report was misplaced after Plaintiff's arrival at FCI-Milan. (*Id.*) Plaintiff objects to the latter explanation, arguing that the incident report could not be misplaced and Walton "misrepresented the facts." (*Id.* ¶ 16.) Third, Plaintiff objects that Defendant Potts, "failed in her duty for not being fair and impartial" in conducting the next level hearing on October 27, 2011. (*Id.* ¶ 23.) Finally, he objects that Defendant Harkness did not timely provide him a packet of materials required for initiating his appeal. (*Id.* ¶ 25-26.) Plaintiff seeks $750,000 in damages. (*Id.* ¶ 29.)

On May 27, 2015, the court dismissed Plaintiff's claims under the Federal Tort Claim Act and any *Bivens* claims against the United States. (Doc. 4.) Defendants Walton and Harkness filed a motion to dismiss on September 23, 2015. (Doc. 15.) Plaintiff filed a response on November 19, 2015. Defendants Brown and Potts filed a notice of joinder in Defendant Walton and Harness' motion to dismiss on November 24, 2015. (Doc. 23.) Defendants jointly filed a reply on December 2, 2015. (Doc. 25.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), this motion is ready for report and recommendation without oral argument.

    **B.**    **Governing Law**

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether

3

the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v.*

4

*Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert motion to dismiss into motion for summary judgment).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

### C. Discussion

In support of their motion, Defendants argue that (1) this suit is Heck-barred; and (2) the claims are untimely. (Doc. 15, at 6-9.)

I suggest that Plaintiff's complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In *Heck v. Humphrey*, however, the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that

the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). Challenges based on procedural defects rather than erroneous results are also subject to the limitation announced in *Heck*. *Edwards v. Balisok*, 520 U.S. 650, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (if established, procedural defect would imply the invalidity of the deprivation of good-time credits and thus, was *Heck*-barred).

The *Heck* holding applies not only to state actions brought under § 1983 but also to *Bivens* actions like the instant case. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (joining the Fifth and Eleventh Circuits).

Plaintiff is challenging the conduct of the warden, a UDC chairman, a disciplinary hearing officer, and a secretary in administering the disciplinary proceeding that resulted in the loss of good time credits, commissary, phone, and visits. To decide that due process was violated in assessing these sanctions would imply the invalidity of the loss of good-time credits, commissary, phone, and visits. *See Edwards*, 520 U.S. at 648. Thus, despite his protests to the contrary Plaintiff's claims are *Heck*-barred. *Id.*; accord, *Johnston v. Sanders*, 86

F. App'x 909, 910 (6th Cir. 2004)(plaintiff "cannot challenge a disciplinary proceeding resulting in a loss of good-time credits in a *Bivens* action [when] his disciplinary conviction has not been reversed."). It is therefore unnecessary to address Defendant's argument that Plaintiff's claims are untimely.

### D. Conclusion

I recommend that Defendants motion to dismiss (Doc. 15) be **GRANTED** and Plaintiff's Complaint (Doc. 1.) be **DISMISSED** for failure to state a claim upon which relief can be granted.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 20, 2016                                S/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Bilal Muhammad #070808089 at 839 North Jefferson Street, Suite 305, Milwaukee, WI 53202.

Date: April 20, 2016                                 By s/Kristen Krawczyk
                                                     Case Manager to Magistrate Judge Morris